# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2927 | **DATE** | 5/29/2003 |
| **CASE TITLE** | STEVE HINDI, et al vs. THOMAS GOOCH III | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Del Re's motion to dismiss is denied. Counts I and III are dismissed as to defendant Waller. Defendant Del Re's answer to be filed by 6/12/03. Status hearing is set for 6/18/03 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 3 0 2003 | 77 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

STEVE HINDI; GREG CAMPBELL; and )
SHARK (SHOWING ANIMALS RESPECT AND )
KINDNESS), formerly known as CHARC )
(CHICAGO ANIMAL RIGHTS COALITION), ) No. 02 C 2927
)
Plaintiffs, ) Judge John W. Darrah
v. )
)
THOMAS GOOCH III; ALBERT WYSOCKI; )
JOHN VAN DIEN; GARY DEL RE, the Sheriff of )
Lake County; MICHAEL WALLER, State's Attorney )
of Lake County; THE VILLAGE OF WAUCONDA, a )
Municipal Corporation; and DANIEL QUICK, the )
Chief of Police of the Village of Wauconda, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Steve Hindi ("Hindi"), Greg Campbell ("Campbell"), and Showing Animals Respect and Kindness ("SHARK"), filed suit against Defendants, Thomas Gooch III ("Gooch"), Albert Wysocki ("Wysocki"), John Van Dien ("Van Dien"), Gary Del Re ("Del Re"), Michael Waller ("Waller"), the Village of Wauconda ("Wauconda"), and Daniel Quick ("Quick"). Currently before the Court is Waller and Del Re's Motion to Dismiss.[1] Waller and Del Re seek dismissal of Counts I and III.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any

---

[1] In March 2003, Wauconda and Quick's Motion to Dismiss was granted; and Count II of Plaintiffs' First Amended Complaint was dismissed with prejudice. Gooch and Wysocki's Motion to Dismiss and Van Dien's Motion to Dismiss were granted in part and denied in part. Count III of Plaintiffs' First Amended Complaint was dismissed without prejudice. A summary of all the operative facts are fully set forth in the Court's March 2003 Memorandum Opinion and Order and need not be repeated. A brief summary of the pertinent allegations against these Defendants is provided herein.

reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Count I of the First Amended Complaint alleges a conspiracy to retaliate against Plaintiffs for the exercise of their First Amendment rights. As to Waller and Del Re, Plaintiffs allege that Waller and Del Re agreed to secure the criminal convictions of Hindi and Campbell as well as other protestors. To implement this plan, Waller and Del Re agreed that Van Dien and Frank Winans would testify falsely at the forthcoming criminal trials. Waller and Del Re also agreed to cover up Van Dien's illegal seizure of Sue Piszczek's ("Pisczek") camera, the destruction of the tape from the camera, and Van Dien's filing of false police reports. Waller and Del Re were also part of the conspiracy for Van Dien to file a civil suit against certain Plaintiffs to retaliate for the Plaintiffs' expression of their First Amendment rights.

Count III of Plaintiffs' First Amended Complaint alleges a conspiracy to commit a malicious prosecution. Plaintiffs allege that sometime prior to May 1997, Waller, Del Re, and other Defendants agreed that Van Dien would file a libel suit against the Plaintiffs. Each of the Defendants knew that there was no legal or factual justification for filing such a law suit.

2

Waller first contends that the Court has no jurisdiction over the allegations against him in his official capacity, in Count I, because he is not a "person" amendable to suit under Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 64-71 (1989). Plaintiffs concede Waller's argument. Accordingly, Count I is dismissed with prejudice as to Waller.

Waller also contends that Count III against him is barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Mitchell v. Clayton*, 995 F.3d 772 (7th Cir. 1993). Plaintiffs also concede this argument. Accordingly, Count III is dismissed with prejudice as to Waller. Although Waller joined in the arguments discussed below, those issues are moot as to Waller in light of the above-stated concessions by Plaintiffs.

Del Re contends that Counts I and III are time barred.

Section 1983 claims are governed by the forum state's personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (*Johnson*). In Illinois, the limitations period for a Section 1983 claim is two years. *See Johnson*, 272 F.3d at 521. Although state law determines the applicable statute of limitations for federal Section 1983 actions, federal law determines when the cause of action accrues. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996) (*Sellars*).

A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his injury. *See Sellars*, 80 F.3d at 245. A civil conspiracy claim accrues when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered. Each overt act of the conspiracy triggers its own statute of limitations. *See Scherer v. Balkema*, 840 F.2d 437, 438-40 (7th Cir. 1988).

The instant lawsuit was filed on April 24, 2002. Therefore, Plaintiff's civil conspiracy

3

claims must have accrued after April 23, 2000. Accordingly, the numerous allegations stemming from the alleged improprieties involved with the seizure of Pisczek's camera and other events of July 13, 1996, are time barred. The allegations surrounding the criminal trials of the Plaintiffs and other protestors in 1997 are also time barred. Furthermore, any conspiracy allegations stemming from the Van Dien libel suit filed against certain Plaintiffs in May 1997 and Waller and Del Re's comments to newspapers to cover up Van Dien's misconduct in May 1997 are also time barred.

The only allegation within the applicable statute of limitations is that Waller and Del Re were contacted in order to secure their assistance in re-filing Van Dien's civil suit in the fall of 2000 because Gooch and Wysocki needed to make the same false allegations about Waller and Del Re's investigation into Van Dien's conduct. Gooch and Wysocki were directly or indirectly informed that Waller and Del Re would go along with the plan since it would benefit the Wauconda Chamber of Commerce. Accordingly, the allegations concerning the re-filing of the civil suit are not time barred; and Counts I and III cannot be dismissed in their entirety based on the statute of limitations.

Del Re also contends that the Plaintiffs have failed to plead any constitutional deprivations caused by the alleged conspiracy involving him.

A Section 1983 cause of action requires a plaintiff to plead that he was deprived of a right secured by the Constitution or a federal law at the hands of someone acting under color of law. *See Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000). The First Amendment "prohibits ... retaliating against the exercise of one's First Amendment right of free speech." *Power v. Summers*, 226 F.3d 815, 819 (7th Cir. 2000) (*Powers*).

Here, Plaintiffs have pled that Del Re conspired with several other Defendants to retaliate against Plaintiffs for their exercise of the First Amendment rights, *i.e.*, protesting the rodeos.

4

Accordingly, Plaintiffs have sufficiently pled that Del Re deprived Plaintiffs of a Constitutional right. *See Powers*, 226 F.3d at 820; *Moreno v. Town of Cicero*, 2002 WL 31017932 at * 2 (N.D. Ill. Sept. 5, 2002).

Del Re also contends that Counts I and III should be dismissed because Van Dien's conduct of filing a lawsuit against certain Plaintiffs is protected conduct under the *Noerr-Pennington* doctrine.

The *Noerr-Pennington* doctrine provides immunity from liability arising out of the filing and maintaining of a civil lawsuit so long as the litigation is not a sham. *See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56-57 (1993) (*Columbia*). A two-part test is utilized to determine if the litigation was a "sham". First, the lawsuit must be objectively baseless in that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immune under the *Noerr-Pennington* doctrine. If this first prong is met, then the Court examines the litigant's subjective motivation in bringing the lawsuit. *See Columbia*, 508 U.S. at 60.

At this stage of litigation, dismissal based on the *Noerr-Pennington* doctrine would be premature. The First Amended Complaint, while pleading some facts that support Del Re's argument, also contains sufficient pleadings in support of a finding that an objective litigant would not conclude that the Van Dien civil suit was reasonably calculated to elicit a favorable outcome. This factual question cannot be answered at this stage of litigation.

Lastly, Del Re contends that he is entitled to qualified immunity.

If a public official raises the defense of qualified immunity, the plaintiff bears the burden of showing: (1) whether he has asserted a violation of a constitutional right and (2) whether the

applicable constitutional standards were clearly established at the time the alleged violation occurred. *Jacobs v. City of Chicago*, 215 F.3d 758, 767 (7th Cir. 2000) (*Jacobs*). If the rights were not clearly established at the time of the violation, the official is immune from suit; and the claim may be dismissed. *Jacobs*, 215 F.3d at 766.

A clearly established right is established if the plaintiff can demonstrate that "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (*Anderson*). "This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful ... but is to say that in light of the pre-existing law the unlawfulness must be apparent." *Anderson*, 483 U.S. at 639-40.

Here, Plaintiffs have pled that Del Re conspired with several Defendants to retaliate against Plaintiffs for their exercise of the First Amendment rights, *i.e.*, protesting the rodeos. The First Amendment "prohibits ... retaliating against the exercise of one's First Amendment right of free speech." *Power*, 226 F.3d at 819. This right was clearly established in September 2000 when Van Dien re-filed his lawsuit. Accordingly, Del Re's qualified immunity argument fails.

For the reasons stated above, Del Re's Motion to Dismiss is denied. Counts I and III are dismissed as to Defendant Waller.

Dated: May 29, 2003

JOHN W. DARRAH
United States District Judge

6